# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49910

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: March 1, 2023 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| NICHOLAS DYLAN TAMEZ, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of six years, with a minimum period of confinement of two years, for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Nicholas Dylan Tamez was found guilty of misdemeanor possession of paraphernalia, Idaho Code § 37-2734A, and felony possession of a controlled substance, I.C. § 37-2732(c), and entered a guilty plea to a sentencing enhancement, I.C. § 19-2514. The district court imposed a unified sentence of six years, with a minimum period of incarceration of two years, for possession of a controlled substance with the sentencing enhancement and credit for time served for the paraphernalia charge. Tamez appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Tamez's judgment of conviction and sentence are affirmed.